**DENTONS US LLP**
Erika M. Lopes-McLeman, Esq.
101 JFK Parkway
Short Hills, NJ 07078-2708
Tel: (973) 912-7159
erika.lopes-mcleman@dentons.com

*Attorneys for Plaintiff*
*The Bazooka Companies, Inc.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY
## NEWARK DIVISION

| | |
|---|---|
| THE BAZOOKA COMPANIES, INC., | Civil Case No. _____ |
| Plaintiff, | |
| -against- | **VERIFIED COMPLAINT** |
| CLASSIC CONFECTIONS ENTERPRISES, INC., | **AND JURY DEMAND** |
| Defendant. | |

Plaintiff The Bazooka Companies, Inc. ("Plaintiff" or "Bazooka"), by and through its undersigned counsel, for its Verified Complaint against Defendant Classic Confections Enterprises, Inc. ("Defendant" or "Classic Confections") alleges as follows:

## NATURE OF THE ACTION

1.     This action concerns Defendant's intentional manufacturing, marketing, distribution, and sales of counterfeit candy products in blatant and willful violation of Bazooka's trademark and trade dress rights.

2.     Since 1998, Bazooka or its predecessor in interest, The Topps Company, Inc. ("Topps"), has held all rights, title, and interest in and to the BABY BOTTLE POP trademark ("BABY BOTTLE POP®," the "BABY BOTTLE POP® Mark," or the "Mark"), which Bazooka

uses in connection with its iconic candy products that have an inherently distinctive name, shape, design, lettering, and candy flavor names.

3.      BABY BOTTLE POP® is well known to consumers in the candy market.

4.      Since 1998, Bazooka has amassed considerable goodwill through its continuous and exclusive use of this Mark.

5.      Bazooka recently became aware that Classic Confections is manufacturing, marketing, distributing, offering for sale, and selling counterfeit candy products under Bazooka's BABY BOTTLE POP® Mark that are nearly identical to Bazooka's BABY BOTTLE POP® candy products.

6.      Classic Confections is also manufacturing, distributing, and selling another candy product under a different name that copies Bazooka's distinctive trade dress in its BABY BOTTLE POP® candy products.

7.      Notably, this is not the first time that Classic Confections has violated Bazooka's intellectual property rights.  In mid-2019, Bazooka's predecessor in interest discovered that Classic Confections was infringing its copyright and trademark rights in and to its registered RING POP® design shape by selling identical counterfeit candy products called "Jewel Pops."

8.      Bazooka sent a cease-and-desist letter, and it was only after much back-and-forth discussion and protracted delays by Classic Confections, during which, upon information and belief, Classic Confections purportedly sold off its inventory of infringing Jewel Pops products, that the parties ultimately settled the dispute outside of court pursuant to a non-confidential settlement agreement, dated November 25, 2019.

9.      However, Classic Confections has shown itself to be a repeat infringer by taking the same tactic here and blatantly copying and manufacturing counterfeits of another of Bazooka's

iconic candy products. And this time, Classic Confections has gone a step further and sold its counterfeit candy products under Bazooka's BABY BOTTLE POP® Mark.

10.     Given Classic Confections' past conduct, Bazooka has no reason to believe that Defendant will cease its infringement of Bazooka's rights without the Court's intervention.

11.     Bazooka therefore seeks injunctive relief and brings this action for (1) trademark infringement under the Lanham Act, 15 U.S.C. § 1114, (2) trademark counterfeiting under the Lanham Act, 15 U.S.C. § 1114, (3) trade dress infringement under the Lanham Act, 15 U.S.C. § 1125(a), (4) dilution under the Lanham Act, 15 U.S.C. § 1125(c), (5) trademark infringement under the Lanham Act, 15 U.S.C. § 1125(a), (6) false designation of origin and unfair competition under the Lanham Act, 15 U.S.C. § 1125(a), (7) trademark counterfeiting under New Jersey statute, N.J. Stat. Ann. § 56:3-13.16, (8) dilution under New Jersey statute, N.J. Stat. Ann. § 56:3-13.20, (9) trademark infringement and unfair competition under New Jersey statute, N.J. Stat. Ann. §§ 56:4-1, 56:4-2, and (10) trademark infringement and unfair competition under New Jersey common law.

## THE PARTIES

12.     Plaintiff Bazooka is a Delaware corporation that has its principal place of business at One Whitehall Street, New York, NY 10004.

13.     Defendant Classic Confections is a New York corporation that operates under the assumed name "Classic Confections," which it recorded with the New York Department of State on January 31, 2011. Defendant is registered to do business in the State of New Jersey and has a principal place of business at 1745 Elizabeth Avenue, Rahway, NJ 07065. Upon information and belief, Defendant operates a website, http://classicnyc.com/, which lists the office, warehouse, and

mailing address for Classic Confections as 1745 Elizabeth Avenue, Rahway, NJ 07065.

## JURISDICTION AND VENUE

14.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338, and 1367.

15.     Defendant is subject to the Court's personal jurisdiction because, upon information and belief, Defendant conducts business in this District, has committed torts in this District, and a substantial part of the events giving rise to the claims in this action occurred in this District.

16.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), (c) and/or (d).

## FACTUAL ALLEGATIONS

### *Bazooka's Trademark and Trade Dress Rights*

17.     Bazooka is a leading confectionary company that manufactures, markets, distributes, and sells a variety of candy products, including BAZOOKA® bubble gum, and BABY BOTTLE POP®, PUSH POP®, and RING POP® candy products.

18.     Bazooka owns all right, title, and interest in and to these iconic and distinctive candy brands and trademarks.

19.     Bazooka's candy products have become well known in the marketplace because they incorporate distinctive designs in the products that make the candy unique and memorable.

20.     For example, Bazooka's RING POP® brand of lollipop candy features a hard candy, shaped like a jewel with facets, atop a plastic ring.

21.     Bazooka's BABY BOTTLE POP® brand of candy includes a fruit-flavored lollipop candy top shaped like a baby bottle "nipple" that is attached to a bottle containing flavored candy powder.  The candy product may be enjoyed by dipping the baby bottle-shaped lollipop into the candy powder.

22.     Bazooka owns a U.S. trademark registration for BABY BOTTLE POP® covering "[c]onfectionery, namely, candy" in Class 30 (U.S. Reg. No. 3176343), which is incontestable pursuant to 15 U.S.C. § 1065.  *See* **Exhibit A.**

23.     Bazooka is the exclusive owner of the trade dress featured in its BABY BOTTLE POP® candy products, including the nipple-shaped top and cylindrical bottle that gives the overall look and feel of a "mini" baby bottle as well as the distinctive and whimsical lettering in "bubble font" on the packaging, as shown below (the "BABY BOTTLE POP® Trade Dress" or "Trade Dress").



24.     The BABY BOTTLE POP® Trade Dress maintains a consistent overall look and feel throughout Bazooka's line of BABY BOTTLE POP® candy products.

25.     The BABY BOTTLE POP® Trade Dress is aesthetic only as a whimsical "interactive" candy.

26.     The BABY BOTTLE POP® Trade Dress serves no functional purpose—it cannot, for example, serve as a baby bottle.

27.     Bazooka's BABY BOTTLE POP® candy comes in a variety of flavors with whimsical names, such as "Cosmic Strawberry," "Berry Blast," and "Blue Raspberry," and traditional flavor names such as "Strawberry."

28.     For example, BLUE RASPBERRY is a fanciful trademark adopted by Bazooka as a unique, source-identifying feature of its BABY BOTTLE POP® candy line ("BLUE RASPBERRY" or the "BLUE RASPBERRY Mark").   There is no actual flavor called "blue raspberry" nor does a "blue raspberry" exist in nature.

29.     Since 1998, Bazooka, including through its predecessor in interest, Topps, has continuously and exclusively used the BABY BOTTLE POP® Mark and Trade Dress in connection with BABY BOTTLE POP® candy products.

30.     Bazooka is the sole and exclusive owner of all common law trademark and trade dress rights for BABY BOTTLE POP®.

31.     Bazooka is also the sole and exclusive owner of all common law trademark rights for BLUE RASPBERRY in connection with BABY BOTTLE POP®.

32.     Bazooka, including through its predecessor in interest, Topps, introduced BLUE RASPBERRY as a flagship BABY BOTTLE POP® candy flavor in 1999 and has used BLUE RASPBERRY in connection with BABY BOTTLE POP® since that time, for more than 20 years.

33.     Bazooka has invested significant resources—including for advertising campaigns and promotional and sales efforts—to develop and foster the reputation, recognition, and goodwill associated with its candy products bearing the BABY BOTTLE POP® Mark, Trade Dress, and BLUE RASPBERRY Mark.

34.     For example, Bazooka has spent millions of dollars on advertising BABY BOTTLE POP® candy products branded with the Mark and featuring the Trade Dress.

35.     Consumers regularly encounter products featuring the BABY BOTTLE POP® Mark and Trade Dress prominently displayed on television (including Nickelodeon, Cartoon Network, TeenNick, NickToons, Nick @ Nite, and Boomerang), Internet/digital platforms (such as Nick.com, CN.com, Super Awesome, and Playwire), social media (including Facebook, Instagram, and YouTube), and through in-store promotions.

36.     Candy products bearing the BABY BOTTLE POP® Mark and Trade Dress have regularly received unsolicited media coverage and consumer reviews.

37.     Bazooka's candy products featuring the BABY BOTTLE POP® Mark and Trade Dress have enjoyed enormous commercial success.

38.     Bazooka distributes and sells BABY BOTTLE POP® candy products branded with the Mark and featuring the Trade Dress both online and through brick-and-mortar retail stores in New Jersey.

39.     Outside of New Jersey, Bazooka distributes and sells BABY BOTTLE POP® candy products online and through brick-and-mortar retail stores in all 50 states.

40.     Consumers in the United States regularly encounter products featuring the BABY BOTTLE POP® Mark and Trade Dress at national supermarkets and retail stores, such as Walmart.

41.     Consumers also regularly encounter products featuring the BABY BOTTLE POP®
Trade Dress on leading e-commerce websites, such as Amazon.com.

42.     Between 2016 and 2021, Bazooka has sold millions of units of BABY BOTTLE
POP® candy products branded with the Mark and bearing the Trade Dress each year, totaling well
over 100 million units sold during this period.

43.     As a result, Bazooka has developed substantial goodwill in the BABY BOTTLE
POP® Mark and Trade Dress and the Mark and Trade Dress have become famous in the United
States, including in New Jersey, and throughout the world in connection with Bazooka's candy
products.

44.     Consumers recognize the BABY BOTTLE POP® Trade Dress as identifying
Bazooka as the exclusive source of products featuring the BABY BOTTLE POP® Trade Dress.

### Classic Confections' Prior Infringement of Bazooka's Trademark Rights

45.     Classic Confections, upon information and belief, operates a website, located at
http://classicnyc.com/, which describes Classic Confections as a "distributor of kosher sweets with
an extensive line of unique and innovative snacks and gourmet candy."  The website also states
that Classic Confections' "objective is to discover and supply the consumer with the most creative
and select items from around the globe."  *See* **Exhibit B**.

46.     Upon information and belief, Classic Confections sells a variety of candy products
under the brand name DEE BEST through an online catalog available on its website and through
third-party websites and brick-and-mortar stores, primarily in New Jersey and New York.

47.     Classic Confections has held a trademark registration for DEE BEST (including a
design) covering "confections namely, candies wafers cookies and chocolates" in Class 30 since
April 2014.  *See* U.S. Reg. No. 4503973.

48.     In 2019, Bazooka's predecessor in interest discovered that Classic Confections was manufacturing, distributing, and selling several different "Jewel Pop" candies under its DEE BEST brand that were identical to Bazooka's RING POP® candy products, in violation of Bazooka's copyright and trademark rights in and to the well-known RING POP® design shape, as shown in the side-by-side comparison below.

| Bazooka's RING POP® | Classic Confections' Infringing Jewel Pop |
|---|---|
|  | |

49.     Neither Bazooka or its predecessor in interest have ever authorized Classic Confections to use their copyrights or trademarks.

50.     On or about August 1, 2019, Bazooka's predecessor in interest sent a cease-and-desist letter to Classic Confections, demanding that it immediately cease all use of the infringing trademark and design and provide an accounting of its inventory of infringing products and sales of same.

51.     Classic Confections refused to comply with Bazooka's demands, and only agreed to cease its sales of the infringing products after Bazooka indicated its intent to commence litigation.

52.     Though the parties agreed to a settlement in principle, Classic Confections delayed for months before entering into a binding settlement agreement, dated November 25, 2019.

53.     Upon information and belief, Classic Confections' delays were motivated in part by its desire to sell off its remaining inventory of infringing products.

54.     Though the non-confidential settlement agreement required Classic Confections to provide an accounting of its inventory with the settlement agreement, Classic Confections failed to duly comply with this provision, despite repeated requests.

55.     Although Bazooka was unhappy that it did not receive an accounting of the infringing inventory, Bazooka ultimately did receive an affidavit on or about February 19, 2020 from an officer of Classic Confections stating that it destroyed its remaining inventory of infringing products.

56.     With the impact of COVID-19 rising at this time combined with the affidavit of destruction, Bazooka decided not to pursue the matter further in 2020.

*Classic Confections' Current Infringement of Bazooka's Trademark Rights*

57.     In or around the end of 2021, Bazooka's predecessor in interest learned that Classic Confections was again infringing its trademark rights, this time by manufacturing, marketing, distributing, and offering for sale counterfeit BABY BOTTLE POP® candy products (the "Counterfeit Candy"), as shown below.



58.    As it had before in 2019 with Bazooka's RING POP® design, Classic Confections copied the iconic design of Bazooka's BABY BOTTLE POP® products to create a nearly identical baby bottle-shaped candy, but this time took its infringement several steps further and copied and used (1) the BABY BOTTLE POP® Mark as its own, (2) Bazooka's distinctive lettering in its "bubble font," (3) Bazooka's BLUE RASPBERRY Mark, as well as its "Strawberry" flavor, and (4) an identical 24-gram-weight bottle.

59.    Upon information and belief, Classic Confections' violations of Bazooka's rights in and to its famous and distinctive BABY BOTTLE POP® Mark and Trade Dress and BLUE RASPBERRY Mark were knowing and willful and occurred after Bazooka's Mark and Trade Dress became famous in New Jersey, the United States, and abroad.

60.    At the same time, in December 2021 and through the end of February 2022, Topps

was in the midst of selling a significant portion of its business and spinning off the remaining businesses, and could not devote business, financial, or legal resources to commencing litigation against Classic Confections.

61.    Up until December 2021, Topps had two primary divisions: (1) sports and entertainment, and (2) candy and confectionary.  Fanatics, Inc. purchased the sports and entertainment division of the company, along with the Topps brand.

62.    Around this time, the candy and confectionary division of Topps spun off into an independent company, Bazooka, which is the current owner of the global candy and confectionary portfolio.

63.    After the significant business changes and a significant drop in COVID-related disruptions, at the end of February and early March 2022, Bazooka was able to devote the necessary resources to investigate the breadth and extent of Classic Confections' infringement, discover the various channels through which Classic Confections is selling the counterfeits, and purchase sample infringing products.

64.    Upon information and belief, the Counterfeit Candy is available for sale through at least seven different channels.

65.    Upon information and belief, Classic Confections is offering the Counterfeit Candy for sale through its online catalog, available on its website at http://classicnyc.com/t-Resources.aspx.  *See* **Exhibit C**.

66.    Upon information and belief, the Counterfeit Candy is available for sale at IT'SUGAR candy stores—which have locations in 27 states—in stores located in at least Florida and California.

67.    Upon information and belief, the Counterfeit Candy also is available for sale at

various retail and grocery stores in New Jersey and New York, including All Fresh Supermarket, Madanim Supermarket, Seasons Kosher, and SuperStop Supermarket.

68.     Additionally, the Counterfeit Candy is available for sale through the websites for All Fresh Supermarket (https://allfreshsupermarket.com), Madanim Supermarket (https://madanim.com), Seasons Kosher (https://seasonskosher.com), and SuperStop Supermarket (https://www.superstopnj.com), as well as Never Wash a Dish (https://neverwashadish.com/). *See* **Exhibit D**.

69.     On March 3, 2022, Bazooka's third-party investigator, Marksmen, reported to Bazooka that it purchased the Counterfeit Candy in person from Seasons Kosher, located at 711 Cedarbridge Avenue, Lakewood, NJ 08701.

70.     Additionally, Marksmen reported that, during that same on-site investigation and purchase, it also discovered an additional infringing product at the Seasons Kosher, and purchased two units of this product, as shown below.



71.     As discovered, in addition to the Counterfeit Candy, Classic Confections is also manufacturing, distributing, and selling candy products under the name "Pop-a-Bottle" that copy Bazooka's distinctive Trade Dress and adopt Bazooka's BLUE RASPBERRY Mark (the "Second Infringing Product").

72.     Upon information and belief, Classic Confections manufactures and ships the Counterfeit Candy and Second Infringing Product from its warehouse in Rahway, New Jersey, to retailers and customers in New Jersey and New York, as well as other states.

73.     Upon information and belief, Classic Confections is knowingly and intentionally using and will continue to use the BABY BOTTLE POP® Mark, Trade Dress, BLUE RASPBERRY Mark, brand, and goodwill to market, distribute, and sell the Counterfeit Candy and Second Infringing Product.

74.     Classic Confections' unauthorized use of the BABY BOTTLE POP® Mark, Trade Dress, and BLUE RASPBERRY Mark and distribution and sale of the Counterfeit Candy and Second Infringing Product directly infringes on Bazooka's trademark and trade dress rights and dilutes Bazooka's reputation and goodwill in the famous BABY BOTTLE POP® Mark and Trade Dress.

75.     As a direct and proximate result of Classic Confections' infringement of Bazooka's BABY BOTTLE POP® Mark, Trade Dress, and BLUE RASPBERRY Mark, Bazooka has suffered and will continue to suffer great damage and irreparable harm that cannot be fully compensated or measured in money damages.

76.     Because Classic Confections is again manufacturing and selling counterfeits of Bazooka candy products, but this time is using an *identical* trademark as well as a feeble attempt to "work around" Bazooka's rights under the name "Pop-a-Bottle," Bazooka has a good-faith

belief that court intervention is necessary to stop Classic Confections from further infringing its trademark rights and trade dress in and to the BABY BOTTLE POP® Trade Dress.

77.     Because Classic Confections, upon information and belief, had previously delayed resolution of the prior dispute to sell off its remaining inventory and never provided an accounting of its inventory, Bazooka has a good-faith belief that Classic Confections could adopt a similar tactic here if it received advanced notice that Bazooka had discovered its infringement.

78.     Bazooka is thereby entitled to injunctive relief against Classic Confections, as well as all other remedies available under the Lanham Act including, without limitation, damages in an amount to be proven at trial, statutory penalties, disgorgement of Classic Confections' profits, and costs and attorneys' fees.

## COUNT I
### (Trademark Infringement, 15 U.S.C. § 1114)

79.     Bazooka repeats and realleges each of the foregoing allegations as if fully set forth herein.

80.     Bazooka holds a U.S. registered trademark for BABY BOTTLE POP®, which is in full force, effective, and enforceable.

81.     Classic Confections is, without consent or authorization, intentionally and knowingly using, reproducing, manufacturing, marketing, displaying, distributing, and/or selling, in interstate commerce, candy products bearing Bazooka's BABY BOTTLE POP® Mark.

82.     Classic Confections is using and reproducing in interstate commerce Bazooka's BABY BOTTLE POP® Mark without authorization to bolster the sales of its own candy products, thereby misappropriating the goodwill associated with Bazooka's brand.

83.     Classic Confections' conduct has caused and continues to cause damage and injury to Bazooka's brand, goodwill, and reputation.

84.     Classic Confections' conduct therefore constitutes trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1114.

## COUNT II
### (Trademark Counterfeiting, 15 U.S.C. § 1114)

85.     Bazooka repeats and realleges each of the foregoing allegations as if fully set forth herein.

86.     The Lanham Act defines a "counterfeit" as a "spurious mark which is identical with, or substantially indistinguishable from, a registered mark."  15 U.S.C. § 1127.

87.     Classic Confections is, without consent or authorization, intentionally and knowingly using, reproducing, manufacturing, marketing, displaying, distributing, and/or selling, in interstate commerce, the Counterfeit Candy bearing Bazooka's BABY BOTTLE POP® Mark.

88.     Classic Confections is, without consent and in bad faith, using and reproducing in interstate commerce Bazooka's BABY BOTTLE POP® Mark to bolster the sales of the Counterfeit Candy, thereby misappropriating the goodwill associated with Bazooka's brand.

89.     Classic Confections' conduct has caused and continues to cause damage and injury to Bazooka's brand, goodwill, and reputation.

90.     Classic Confections' use of the BABY BOTTLE POP® Mark, which is identical to Bazooka's federally registered mark, constitutes the use of a counterfeit mark in violation of the Lanham Act, 15 U.S.C. § 1114.

## COUNT III
### (Trade Dress Infringement, 15 U.S.C. § 1125)

91.     Bazooka repeats and realleges each of the foregoing allegations as if fully set forth herein.

92.     Bazooka has the exclusive right to use the BABY BOTTLE POP® Trade Dress in United States commerce for candy products.

93.     Bazooka's exclusive rights in and to the BABY BOTTLE POP® Trade Dress predate any rights that Classic Confections could establish in and to the infringing trade dress featured in the Counterfeit Candy.

94.     Bazooka's BABY BOTTLE POP® Trade Dress is inherently distinctive and has also acquired distinctiveness.

95.     Bazooka's BABY BOTTLE POP® Trade Dress is non-functional.

96.     Classic Confections' infringing trade dress constitutes a symbol or device within the meaning of 15 U.S.C. § 1125(a).

97.     Classic Confections' infringing trade dress is identical to and creates the same overall commercial impression as Bazooka's BABY BOTTLE POP® Trade Dress.

98.     The candy products featuring Classic Confections' infringing trade dress, including the Counterfeit Candy and the Second Infringing Product, and Bazooka's BABY BOTTLE POP® Trade Dress are the same and appeal to overlapping customer bases.

99.     Classic Confections' use of the infringing trade dress in interstate commerce on, for, and/or in connection with the manufacturing, distribution, advertising, marketing, promotion, offering for sale, and/or sale of products is likely to cause consumer confusion, mistake, and/or deception about whether Classic Confections is an authorized distributor or affiliate of Bazooka, or whether the Counterfeit Candy or Second Infringing Product originated from or was sponsored or approved by Bazooka.

100.     Bazooka has not consented to Classic Confections' use of the infringing trade dress for any purpose.

101.    Based on Classic Confections' past infringement of Bazooka's intellectual property rights, upon information and belief, Classic Confections had actual and constructive knowledge of Bazooka's superior rights in and to the BABY BOTTLE POP® Trade Dress prior to Classic Confections' adoption and first use of the infringing trade dress.

102.    Upon information and belief, products featuring the infringing trade dress are inferior in quality to products featuring the BABY BOTTLE POP® Trade Dress.

103.    Upon information and belief, Classic Confections copied, adopted, and/or used the infringing trade dress in interstate commerce in furtherance of its willful, deliberate, and bad faith scheme to trade upon the extensive consumer goodwill, reputation, and commercial success of products featuring the BABY BOTTLE POP® Trade Dress.

104.    Upon information and belief, Classic Confections has made, and will continue to make, substantial profits and gain from its use of the infringing trade dress in interstate commerce, to which Classic Confections is not entitled at law or in equity.

105.    Classic Confections' acts and conduct complained of herein constitute trade dress infringement in violation of 15 U.S.C. § 1125(a).

106.    Bazooka has suffered, and will continue to suffer, irreparable harm from Classic Confections' acts and conduct complained of herein, unless restrained by law.

107.    Bazooka has no adequate remedy at law.

### COUNT IV
### (Dilution, 15 U.S.C. § 1125(c))

108.    Bazooka repeats and realleges each of the foregoing allegations as if fully set forth herein.

109.    Bazooka is the owner of the famous registered trademark BABY BOTTLE POP® and Trade Dress.  The Mark and Trade Dress are suggestive and have acquired distinctiveness

through long and continuous use.  The extent of advertising and publicity associated with the BABY BOTTLE POP® Mark and Trade Dress is such that it is well known throughout the United States.

110.   Bazooka's long, continuous, and extensive use of the BABY BOTTLE POP® Mark and Trade Dress over nearly 25 years has caused the BABY BOTTLE POP® Mark and Trade Dress to become famous, as defined under 15 U.S.C. § 1125(c).

111.   Upon information and belief, Classic Confections' use of the BABY BOTTLE POP® Mark and Trade Dress began in or around 2021, well after Bazooka's BABY BOTTLE POP® Mark and Trade Dress became famous.

112.   Classic Confections' use of the BABY BOTTLE POP® Mark and Trade Dress dilutes the distinctive value of Bazooka's BABY BOTTLE POP® Mark and Trade Dress by lessening the capacity of Bazooka to identify and distinguish its goods and services from those of others.

113.   Classic Confections' deliberate and willful violation of Bazooka's rights in and to the BABY BOTTLE POP® Mark and Trade Dress has caused and will continue to cause damage to Bazooka, as well as to the reputation associated with Bazooka's BABY BOTTLE POP® Mark and Trade Dress.

114.   Classic Confections' conduct constitutes dilution pursuant to 15 U.S.C. § 1125(c).

115.   Bazooka has suffered, and will continue to suffer, irreparable harm from Classic Confections' acts and conduct complained of herein, unless restrained by law.

116.   Bazooka has no adequate remedy at law.

## COUNT V
### (Trademark Infringement, 15 U.S.C. § 1125(a))

117.    Bazooka repeats and realleges each of the foregoing allegations as if fully set forth herein.

118.    Bazooka owns common law rights in the BLUE RASPBERRY Mark through its exclusive and continuous use of the BLUE RASPBERRY Mark since 1999 in connection with BABY BOTTLE POP® candy products.

119.    Classic Confections is, without consent or authorization, intentionally and knowingly using, reproducing, manufacturing, marketing, displaying, distributing, and/or selling, in interstate commerce, candy products bearing Bazooka's BLUE RASPBERRY Mark.

120.    Classic Confections is using and reproducing in interstate commerce Bazooka's BLUE RASPBERRY Mark without authorization to bolster the sales of its own candy products, thereby misappropriating the goodwill associated with Bazooka's brand.

121.    Classic Confections' conduct has caused and continues to cause damage and injury to Bazooka's brand, goodwill, and reputation.

122.    Classic Confections' conduct therefore constitutes trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1125.

## COUNT VI
### (False Designation of Origin and Unfair Competition, 15 U.S.C. § 1125(a))

123.    Bazooka repeats and realleges each of the foregoing allegations as if fully set forth herein.

124.    Classic Confections' use of the BABY BOTTLE POP® Mark in commerce is a false designation of origin, a false or misleading description of fact, or a false or misleading representation of fact.

125.     Classic Confections' aforesaid use of the BABY BOTTLE POP® Mark is likely to cause confusion or mistake, or to deceive as to the origin, sponsorship, or approval of Bazooka's goods, services, and/or commercial activities.

126.     Classic Confections' aforesaid conduct constitutes false designation of origin and unfair competition pursuant to 15 U.S.C. § 1125(a).

127.     Classic Confections' conduct has caused damage to Bazooka and will cause further irreparable injury to Bazooka if it is not restrained by this Court from further violation of Bazooka's intellectual property rights.

128.     Bazooka has no adequate remedy at law.

**COUNT VII**
**(Trademark Counterfeiting, N.J. Stat. Ann. § 56:3-13.16)**

129.     Bazooka repeats and realleges each of the foregoing allegations as if fully set forth herein.

130.     Classic Confections' aforesaid acts constitute trademark counterfeiting in violation of N.J. Stat. Ann. § 56:3-13.16.

131.     Bazooka has suffered, and will continue to suffer, irreparable harm from Classic Confections' aforesaid acts, unless restrained by law.

132.     Bazooka has no adequate remedy at law.

**COUNT VIII**
**(Dilution, N.J. Stat. Ann. § 56:3-13.20)**

133.     Bazooka repeats and realleges each of the foregoing allegations as if fully set forth herein.

134.     Classic Confections' aforesaid acts violate New Jersey's trademark dilution statute, N.J. Stat. Ann. § 56:3-13.20.

135.    Bazooka has suffered, and will continue to suffer, irreparable harm from Classic Confections' aforesaid acts, unless restrained by law.

136.    Bazooka has no adequate remedy at law.

137.    Because Classic Confections, upon information and belief, has willfully intended to cause dilution to Bazooka's BABY BOTTLE POP® Mark and Trade Dress, Bazooka is entitled to other remedies set forth under New Jersey law.

## COUNT IX
**(Trademark Infringement, Trade Dress Infringement, and Unfair Competition,
N.J. Stat. Ann. §§ 56:4-1, 56:4-2)**

138.    Bazooka repeats and realleges each of the foregoing allegations as if fully set forth herein.

139.    Classic Confections' aforesaid acts constitute trademark infringement, trade dress infringement, and unfair competition in violation of N.J. Stat. Ann. § 56:4-1.

140.    Bazooka has suffered, and will continue to suffer, irreparable harm from Classic Confections' aforesaid acts, unless restrained by law.

141.    Bazooka has no adequate remedy at law.

## COUNT X
**(Trademark Infringement, Trade Dress Infringement, and Unfair Competition,
New Jersey Common Law)**

142.    Bazooka repeats and realleges each of the foregoing allegations as if fully set forth herein.

143.    Classic Confections' aforesaid acts constitute trademark infringement, trade dress infringement, and unfair competition under the common law of the State of New Jersey.

144.    Bazooka has suffered, and will continue to suffer, irreparable harm from Classic Confections' aforesaid acts, unless restrained by law.

22

145.    Bazooka has no adequate remedy at law.

## JURY DEMAND

Plaintiff respectfully demands a trial by jury as to all issues so triable.

## DESIGNATION OF TRIAL COUNSEL

Plaintiff hereby designates Erika M. Lopes-McLeman as trial counsel in this matter.

## DEMAND FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in its favor on all counts of this Verified Complaint and grant Plaintiff the following relief:

1.    Preliminarily and permanently enjoin and restrain Defendant, its agents, servants, employees, attorneys, successors or assigns, and all persons or entities acting in concert or in participation with it or any of them from:

      i.    manufacturing, marketing, advertising, promoting, distributing, offering for sale, or selling any goods or products in connection with the BABY BOTTLE POP® Mark or Trade Dress, or any counterfeit, copy, or other designation that is confusing similar thereto;

      ii.    engaging in any activity that infringes Plaintiff's rights in and to its BABY BOTTLE POP® Mark or Trade Dress;

      iii.    using any word, name, mark, logo, design, or designation or doing any other thing likely to cause injury to Plaintiff's business reputation or dilution of the distinctive quality of its BABY BOTTLE POP® Mark or Trade Dress;

      iv.    using or making any other false designation of origin or false description or representation or doing any other thing calculated or likely to cause confusion, mistake or deception, including any act likely to deceive the

23

public into believing that Defendant's business and goods are in any way associated or affiliated with or related to Plaintiff;

v.   engaging in any activity constituting unfair competition with Plaintiff; and

vi.   secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Candy; (ii) any computer files, data, business records, documents, or any other records or evidence relating to the manufacture, advertising, marketing, promotion, distribution, offering for sale, and/or sale of Counterfeit Candy;

2.   Order Defendant to file with the court and serve upon Plaintiff's counsel within thirty (30) days after service on Defendant of an injunction in this action, or such extended period as the court may direct, a report in writing under oath setting forth in detail the manner and form in which Defendant has complied therewith, pursuant to 15 U.S.C. § 1116(a);

3.   Order Defendant to recall from any distributors and retailers and deliver up to Plaintiff for destruction any and all Counterfeit Candy and any and all packaging, labels, tags, advertising and promotional materials and any other materials in the possession, custody, or control of such distributors and retailers that infringe Plaintiff's BABY BOTTLE POP® Mark or Trade Dress, or bear any marks or designs that are confusingly similar to BABY BOTTLE POP® Mark or Trade Dress;

4.   Order Defendant to deliver up for destruction to Plaintiff any and all Counterfeit Candy and any and all packaging, labels, tags, advertising, and promotional materials and any other materials in the possession, custody, or control of Defendant that infringe BABY BOTTLE POP® Mark or Trade Dress, or bear any marks or designs that are confusingly similar to the BABY BOTTLE POP® Mark or Trade Dress pursuant to 15 U.S.C. § 1118;

5.      Order Defendant to provide Plaintiff complete accountings for any and all monies, profits, gains, and advantages derived by Defendant from its manufacturing, advertising, marketing, promoting, distributing, displaying, offering for sale, sale and/or otherwise dealing in the Counterfeit Candy as described herein;

6.      Award Plaintiff three times Defendant's profits or three times Plaintiff's damages, whichever is greater, sustained as a result of Defendant's intentional and willful acts of trademark infringement, trademark counterfeiting, trade dress infringement, false designation of origin, and unfair competition pursuant to 15 U.S.C. §§ 1117(a) and (b);

7.      Award Plaintiff statutory damages as allowed by law;

8.      Award Plaintiff its reasonable attorneys' fees and taxable costs pursuant to 15 U.S.C. § 1117 and New Jersey law;

9.      Award pre-judgment and post-judgment interest at the maximum rate allowed by law; and

10.      Grant such other and further relief as the Court may deem just and proper.

Dated: Short Hills, New Jersey                    DENTONS US LLP
         March 10, 2022

                                         By:     /s/ Erika M. Lopes-McLeman
                                                 Erika M. Lopes-McLeman, Esq.
                                                 101 JFK Parkway
                                                 Short Hills, NJ 07078-2708
                                                 Tel: (973) 912-7159
                                                 erika.lopes-mcleman@dentons.com

                                                 *Attorneys for Plaintiff The Bazooka*
                                                 *Companies, Inc.*

## **LOCAL CIVIL RULE 11.2 CERTIFICATION**

I certify that, to the best of my knowledge, the matter in controversy is not the subject of any other pending or anticipated litigation in any court or arbitration proceeding, nor are there any non-parties known to Plaintiff that should be joined in this action.  In addition, I recognize a continuing obligation during the course of this litigation to file and to serve on all other parties and with the Court an amended certification if there is a change in the facts stated in this original certification.

Dated:    March 10, 2022

    /s/ Erika M. Lopes-McLeman      
Erika M. Lopes-McLeman, Esq.

## VERIFICATION

Jason S. Thaler, being duly sworn, deposes and says:

I, Jason S. Thaler, am general counsel of Plaintiff The Bazooka Companies, Inc. in the above-captioned action. I have read the foregoing Verified Complaint and Jury Demand and know the contents thereof. The same are true to my knowledge, except as to matters therein stated to be alleged upon the information and belief and, as to those matters, I believe them to be true.

Dated:  New York, New York
      March ___, 2022

                                         Jason S. Thaler

Sworn to before me
this ___ of March, 2022

_____
Notary Public

      MELISSA A. SCHOMBS
NOTARY PUBLIC-STATE OF NEW YORK
        No. 01SC6023848
     Qualified in Suffolk County
Certified in New York and Nassau Counties
My Commission Expires May 03, 2023

27